JOSEPH MYSROLL *versus* ROSAMOND VIOLETTE.

The levy of an execution upon real estate in the name of him for whose benefit the judgment is alleged in the execution to have been recovered is invalid.

ON EXCEPTIONS.

WRIT OF ENTRY. One Isaac Violette owned the demanded premises in 1846, when a writ was sued out of the clerk's office of the Eastern District Court, in the name of James S. Sigee and John O. Bustin, "for the benefit of F. W. Hathaway." On this writ, a judgment was recovered in September, 1846, and, in January, 1847, an execution issued declaring that, "whereas James S. Sigee and John O. Bustin, of, &c., for the benefit of F. W. Hathaway, of, &c., by the consideration of our Justices," &c.

The return of the appraisers indorsed upon the execution commenced,—"we the subscribers, being duly chosen to appraise such real estate as the within named F. W. Hathaway, the creditor, should show unto us," &c., and ended,—"which said lands and tenement the said F. W. Hathaway is to hold to him and his heirs forever."

The receipt of seizin and possession was signed,—"F. W. Hathaway, by J. C. Madigan, his attorney."

The officer's return declared that he delivered seizin, &c., "to J. C. Madigan, attorney of the within named F. W. Hathaway."

The plaintiff claimed title under a deed from Hathaway, and the defendant, under a subsequent deed from Violette.

The presiding Judge ruled, *pro forma*, that the levy was invalid to pass any title to Hathaway, and the plaintiff alleged exceptions.

*Trafton & Herrin*, for the plaintiff.

*Copeland*, for the defendant.

DANFORTH, J.—The only question in this case is as to the validity of the levy under which the demandant claims. It was made by virtue of an execution issued upon a judgment recovered in the name of James S. Sigee and John O. Bustin, for the benefit of F. W. Hathaway. The levy appears to have been made in the name of Hathaway, and the return of the officer, if in this respect it is sufficient under the statute, which is somewhat doubtful, shows that the premises were set off to him, and that he was treated as the creditor in all the proceedings. For this we find no authority in the statute, as Sigee and Bustin were in fact the judgment creditors, and the proceedings should have been in their names. As a levy is authorized only by statute, the directions there found must be strictly followed.

The levy, therefore, cannot be valid. If the officer had followed the directions of his precept and of the statute, Hathaway would, undoubtedly, have had an equitable interest in the premises which the law would have protected, as in the cases of *Warren* v. *Ireland*, 29 Maine, 62, and *Cushman* v. *Carpenter*, 8 Cush., 388, and might have acquired a legal title to them under the statute. R. S., c. 76, § 14. But, until such a conveyance, he would have no such legal interest in the premises as would enable him to maintain an action for the possession, in his own name, and his grantee would be in no better position.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and BARROWS, JJ., concurred.